IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SADAT ABBAS., <br><br> Plaintiff, <br><br> v. <br><br> PRO-JECT INNOVATIONS, INC. d/b/a PRO-JECT HQ, MICAH TAYLOR, and JOE LUCCHESE, <br><br> Defendant. | **2019 CV 1662** <br><br> **Plaintiff requests trial by jury** |

COMPLAINT

NOW COMES Plaintiff Sadat Abbas, by and through his attorney Jonathan Lubin, and Complains of Pro-Ject Innovations, Inc, Micah Taylor, and Joe Lucchese, stating:

Introduction

1. This is a civil action brought pursuant to the Fair Labor Standards Act, 28 U.S.C. § 201 *et seq*, 42 U.S.C. § 1981, *et seq*, and the laws of the State of Illinois.

Jurisdiction and Venue

2. This Court has jurisdiction over matters alleged herein pursuant to 28 U.S.C. § 1331. It has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §§ 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Illinois.

Parties

4. Sadat Abbas is a resident of the City of Chicago, which is within the Northern District of Illinois. For the relevant period, and up until October, 2018, Abbas was an employee of Pro-Ject Innovations, Inc.

5. Pro-Ject Innovations, Inc., is an Illinois corporation, located in Chicago, which does business in the Northern District of Illinois. For the relevant period, and up until October, 2018, it employed Abbas in the Northern District of Illinois.

Facts Common to All Counts

6.	In April, 2018, Abbas entered into a contract with Pro-Ject to perform services for Pro-Ject. His monthly pay, according to the contract, was $2500.

7.	According to the contract, Abbas was supposed to work 25 hours per week, on average, in exchange for the aforementioned $2500 per month.

8.	His position was not managerial, and was in no way exempt from the overtime requirements of the Fair Labor Standards Act.

9.	Despite the contract's claim that Abbas would work for 25 hours per week on average, this was nearly never the case. To the contrary, Abbas frequently was required to work over 40 hours per week.

10.	Despite this, he was always compensated at $2500 per month.

11.	During the course of his employment, Abbas experienced race-based harassment, and inappropriate comments.

12.	He complained about these harassing comments.

13.	Instead of addressing the harassing comments, Defendants terminated Abbas' employment in October, 2018.

## COUNT I – FAIR LABOR STANDARD ACT
## 29 U.S.C. § 207(a)

14.	Plaintiff worked from April 26, 2018 to October, 2018, and was not paid overtime for that period.

15.	Further, Plaintiff was not paid for the hours he worked at the agreed upon rate.

	WHEREFORE, Plaintiff requests that this Honorable Court enter an order finding that Defendants are liable under the Fair Labor Standards Act, and awarding Plaintiff damages, liquidated damaes, costs, reasonable attorney's fees, and any other remedy that this Court finds just and equitable.

## COUNT II – 42 U.S.C. § 1981

16.	Plaintiff was terminated on the basis of his race, and in retaliation for complaining of racial harassment.

	WHEREFORE, Plaintiff requests that this Honorable Court enter an order finding Defendants liable under 42 U.S.C. § 1981, and awarding Plaintiff damages including back wages, forward wages, punitive damages, costs and reasonable attorneys' fees.

<u>COUNT III – COMMON LAW BREACH OF CONTRACT</u>
*As to Pro-Ject Innovations, Inc. only*

17. Plaintiff's contract was for a specific duration. Defendants breached the contract by terminating it prematurely and for no legitimate reason.

18. Further, Plaintiff's contract stated that he would be paid $2500 per month for an average of 25 hours of work per week. Plaintiff worked much longer hours than that over the duration of the contract, and was not compensated beyond an initial payment and $2500 per week.

WHEREFORE, Plaintiff requests that this Honorable Court enter an order finding Defendants liable for common law breach of contract, and award him damages arising under the contract, costs, and any other relief this court finds just and equitable.

Respectfully Submitted,

s/Jonathan Lubin
Attorney for Plaintiff

Jonathan Lubin
8800 Bronx Ave.
Suite 100H
Skokie, IL 60077
773 954 2608
jonathan@lubinlegal.com

**Plaintiff Requests Trial by Jury for all non-equitable Counts**